**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**CAROLYN JEAN FOOSE,**

      **Plaintiff,**

**v.**                                                  **Case No. 2:14-cv-12914**

**CAROLYN W. COLVIN,**
**Secretary/Commissioner of Social Security Administration,**
**JUDGE LISA SAUNDERS, Appeals Council,**
**JACK PENCA, Administrative Law Judge,**
**ERIC HOLDER, U.S. Attorney General, and**
**MS. SIGMAN, Case Worker,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On March 21, 2014, the plaintiff, Carolyn Jean Foose, filed a Motion to Proceed *in forma pauperis* and Proceed Without Prepayment of Fees and Costs (ECF No. 1), a Petition for a Writ of Mandamus (ECF No. 2) and a Motion to Toll Time Limit (ECF No. 3). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

This matter is pending before the undersigned for initial screening under 28 U.S.C. § 1915(e)(2)(B), as the plaintiff is seeking to proceed *in forma pauperis*. Although the court must construe the *pro se* plaintiff's pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), the plaintiff musts still meet pleading requirements and the court does not serve as an advocate for a *pro se* plaintiff.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff

2

armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
* * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

A pleading which sets forth a claim for relief . . . shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).  A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim.  Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## PETITIONER'S CLAIMS FOR RELIEF

The documents filed by the plaintiff are convoluted and difficult to understand. Thus, the undersigned has had a difficult time determining the scope of the plaintiff's claim(s) and what decisions she is challenging.

The document that has been construed by the court as a Petition for a Writ of Mandamus (hereinafter "Petition") is actually styled as "Review of SSA Administrative Decision Docketing Statement." (ECF No. 2).   In addition to naming the Commissioner of the Social Security Administration ("SSA") as a defendant, the plaintiff has also named the following as defendants:  Jack Penca, the Administrative Law Judge ("ALJ") who rendered the March 12, 2013 decision dismissing the plaintiff's request for a hearing on the denial of disability insurance benefits; Lisa W. Saunders, the Administrative Appeals Judge who issued the Appeals Council's decision denying review of the ALJ's dismissal order; United States Attorney General Eric Holder; and a Ms. Sigman, who is identified only as a "Caseworker."

The plaintiff's Petition states that "[t]his case is a review of an administrative decision by the Social Security Administration (SSA), through an Administrative Law Judge (ALJ) Jack Penca and the Appeals Council (AC) Lisa Saunders based upon an incomplete case file and improper documentation by not performing statutory/regulatory Periodic Reviews and placing that information in the case file." (ECF No. 2 at 2).  The Petition further states that "it is a claim for entitlement to money under a federal government program and the challenge of actions taken by that agency, which questionably concerns the Affordable Care Act's 2014 requirements for these benefits under Medicare, or the loss of my current Medicaid benefits – noted on the January, February and March Medicaid cards (Exhibit A, B, C)." (*Id.*)  The Petition further asserts that this case involves the plaintiff's rights under the First, Fifth and Fourteenth Amendments, the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq*), and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et *et seq.*, as amended by the ADA Amendments Act of 2008.  (*Id.*)

4

Based upon the information that has been filed by the plaintiff, it appears that, first and foremost, she is challenging decisions related to the denial by the SSA of a September 21, 2012 application for a period of disability and disability insurance benefits. Specifically, on March 12, 2013, ALJ Jack Penca issued an Order of Dismissal which sets forth the following procedural history and findings:

On September 21, 2012, the claimant filed an application for a period of disability and disability insurance benefits, alleging disability beginning November 24, 1982. This claim was denied initially on October 8, 2012, and upon reconsideration on December 22, 2012 because claimant does not have enough work credits. The date the claimant was last insured was September 30, 1978. The claimant has not provided proof of additional earnings. The claimant filed a written request for hearing on February 15, 2013. The claimant is unrepresented in this matter.

An Administrative Law Judge may dismiss a request for hearing if the doctrine of *res judicata* applies. *Res judicata* applies when the Social Security Administration has made a previous determination or decision involving the claimant's rights on the same facts and on the same issue or issues, and the previous determination or decision has become final by either administrative or judicial action (20 CFR 404.957(c)(1)).

The record shows that the claimant previously filed applications for a period of disability, disability insurance benefits and supplemental security income that were denied in a decision dated September 13, 1983. This decision, which was issued after the claimant's insured status expired on September 30, 1978, became administratively final because the claimant did not request review within the stated time period.

I have considered whether this decision should remain final and find no reason why it should not. In this regard, the deadline for requesting review should not be extended under Social Security Ruling 91-5p because at the time of the previous decision, the claimant did not have or allege having a mental impairment. Additionally, none of the conditions for reopening set forth in 20 CFR 404.988 is present in this case. Accordingly, the previous decision remains final and binding.

The question therefore becomes whether the same facts and issues are involved. I have compared the evidence considered in reaching the previous decision with that relating to the claimant's current claim. Based on this comparison, I find that no new and material evidence has been submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in

5

connection with the previously adjudicated period. Additionally, as already stated, the claimant's insured status expired prior to the previous decision. According to the claimant's rights on the same facts and on the same issues are involved and the doctrine of *res judicata* applies.

Because the doctrine of *res judicata* applies, the request for hearing dated February 15, 2013 is dismissed.

(ECF No. 2-1 at 6-7). The cover letter attached to this decision advised the plaintiff that she had 60 days to file a written appeal with the Appeals Council, which she apparently did.

The plaintiff has also attached the decision of the Appeals Council, dated July 15, 2013, which denied the plaintiff's request for review because the information provided by the plaintiff in disagreement with the ALJ's decision "does not provide a basis for changing the Administrative Law Judge's dismissal." (ECF No. 2-1 at 8). The decision further states that the Appeals Council determined that the ALJ's decision was not an abuse of discretion and "no other basis exist to grant review in this case." (*Id.* at 9).

The plaintiff's Petition appears to further assert that the decisions by the ALJ and Appeals Council not to reopen the prior denial of Social Security Disability Insurance benefits has affected her ability to change from receipt of Social Security Income ("SSI") with Medicaid, to receipt of Social Security Disability Insurance ("SSDI") with both Medicare and Medicaid, and the plaintiff asserts that this has placed her at risk of losing her current Medicaid benefits, in accordance with the Affordable Care Act of 2014 ("ACA"). (ECF No. 2 at 2-3). The plaintiff relies upon a notice placed at the bottom of her 2014 Medicaid cards, which reads as follows:

Medicare As A Condition of Medicaid Eligibility. Are you:

· 65 years of age or older; or
· A recipient of Social Security benefits, based on disability, who has received benefits for 24 months or more; or

·   Diagnosed with end stage renal disease or ALS

If so, you may qualify for enrollment in Medicare, Part A (hospital), Part B (physician), and Part D (pharmacy) premiums.

Federal regulations permit Medicaid denial of payments to a doctor, hospital, or pharmacy if a Medicaid patient qualifies for Medicare, but is not enrolled.  The doctor, hospital or pharmacy can then bill the patient for these charges.  If you do not enroll in Medicare, you may lose your pharmacy coverage and your Medicaid case may be closed with proper notice.

(ECF No. 2-1 at 2-4 (Exs. A-C).  The plaintiff's Petition further states:

You can be eligible for Medicare before age 65 if you have been entitled to Social Security disability benefits for 24 months; or diagnosed with end-stage renal disease or ALS.  I have been on SSI disability since June 1982, and fluctuate between Stages 2-3 of the 5 stage progressive chronic kidney disease (CKD) leading to ESRD [End-Stage Renal Disease] at Stage 5.  The evidence I provided ALJ Penca and AC Judge Saunders was new and material as it was not in the case file due to lack of periodic reviews, and clearly noted my renal insufficiency, CKD and the symptoms I have related to it through the labwork, x-rays, other tests and office visit summaries that they denied.  This request to change SSI with Medicaid to SSDI with Medicare and Medicaid is a change of titles and clearly appropriate.  The Medicaid cards (Exhibits A, B, C) noted statements related to ACA and Medicare, and the failure to apply for Medicare through SSA could result in the loss of Medicaid benefits.  SSA probably knew all about the change for Medicare and denied my request just to put me at risk of loss of my benefits.

(ECF No. 2 at 2-3)[1]  The plaintiff asserts that ALJ Penca found that the evidence that the plaintiff is attempting to rely upon was not relevant, and that he made no attempt of verification of it through the plaintiff's physicians, in violation of APA regulations "for an ALJ to ensure that they possess a complete and correct case file to make a reasonable decision."  (*Id.* at 3).

---

[1] The plaintiff appears to be confused by the term "Social Security benefits, based on disability" contained in the notice on her Medicaid card.  That term appears to apply only to persons receiving SSDI, not SSI benefits.  The ALJ's decision indicates that the plaintiff does not have enough work credits to receive SSDI benefits.  Thus, it would appear that the provision upon which the plaintiff is seeking to rely concering eligibility for Medicare benefits would only be applicable to her if she can prove, either that she does have enough work credits for SSDI, or that she meets the medical criteria of having end-stage renal disease or ALS, as she is not yet 65 years old.

The plaintiff seeks a writ of mandamus "to compel agency action unlawfully withheld and unreasonably denied;" specifically "the change from SSI with Medicaid to SSDI with Medicare and Medicaid.   Additionally, the plaintiff requests more comprehensive relief, such as "a uniform system to perform reviews that ensures all information is placed in the case file," and "better training" of SSA staff "so they thoroughly understand the requirements and purposes of constitutional due process protections and ADA entitlements."  (*Id.* at 4).

## ANALYSIS

The undersigned first notes that this United States District Court lacks jurisdiction to review these SSA decisions under 42 U.S.C. § 405(g) because no hearing was held.  Section 405(g) states:

> Any individual, after any final decision of the Secretary made *after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

42 U.S.C. § 405(g) (emphasis added).

The plaintiff has also filed a Motion to Toll Time Limit (ECF No. 3), seeking to "toll the time limit from the Social Security Appeals Counsel [sic; Council] (AC) Lisa Saunders' decision on July 15, 2013 . . . ."  Thus, it appears that the plaintiff is seeking to toll the 60-day period in which a civil action may be filed in federal court under section 405(g).  However, as noted above, because there was no hearing at the ALJ level, the plaintiff had no right to file a civil action in federal court, and this court lacks jurisdiction to conduct any such review.  Accordingly, there is no time limit under section 405(g) to toll.

To the extent that the plaintiff's Petition and Motion to Toll Time Limit also advance arguments concerning whether the plaintiff's prior disability determinations and decisions should have been administratively re-opened, and that the failure to do so violated the Administrative Procedures Act ("APA"), those arguments appear to be foreclosed by the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99 (1977). In *Califano*, the Court held:  (1) that section 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security disability benefits; and (2) the APA does not provide an independent grant of subject matter jurisdiction permitting federal judicial review of agency action.  430 U.S. at 102-108.

*Califano* notes, however, that, in rare instances, the denial of a petition to reopen a benefits determination may be challenged on constitutional grounds.  *Id.* at 108-109; *see also Hensley v. Califano*, 601 F.2d 216 (5th Cir. 1979) (an ALJ's dismissal of a claimant's case on *res judicata* is unreviewable absent a colorful constitutional claim). Here, the plaintiff has made only vague and conclusory allegations concerning how the conduct of the SSA defendants violated her rights under the First, Fifth and Fourteenth Amendments.  Thus, the undersigned proposes that the presiding District Judge **FIND** that the Petition documents do not contain enough facts with regard to any colorable constitutional violation in order to state any claim to relief under those provisions that is plausible on its face, and that such claims should be dismissed under Rule 12(b)(6), and the *Twomby* and *Iqbal* standards.

The same is true concerning the plaintiff's citation to the ADA.  She has not pled any allegations at all concerning how the defendants allegedly violated the ADA.  Nor has she pled any specific allegations against defendants Eric Holder or Ms. Sigman.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Petition documents do not contain enough facts to state any plausible claim to relief against defendants Holder and Sigman, or against any of the defendants under the Amercians With Disabilities Act, as amended, and that such claims should be dismissed under Rule 12(b)(6), and the *Twomby* and *Iqbal* standards.

Turning to the plaintiff's request for mandamus relief, Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Mandamus is an extraordinary remedy available only if the plaintiff has exhausted all other avenues for relief and if the defendants owe her a clear, nondiscretionary duty. *Heckler v. Ringers*, 466 U.S. 602, 616 (1984). A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central S.C. Chapter, Soc. of Prof'l Journalists, Sigma Delta Chi v. United States Dist. Ct. for the Dist. of S.C.*, 551 F.2d 559, 562 (4th Cir. 1977). Thus, mandamus relief is only appropriate "when (1) the plaintiff has a clear right to relief; (2) the defendant a clear duty to act; and (3) no other adequate remedy exists." *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011).

The decision not to reopen a prior benefits determination is discretionary, and the plaintiff has not sufficiently identified or demonstrated any ministerial duty that was not performed by the defendants. The plaintiff suggests that the ALJ and the Appeals

Council failed to obtain new and material evidence that she believes would have altered the determination of her right to benefits.  However, the plaintiff has the burden of obtaining and submitting such evidence, not the SSA officials.

Thus, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated either a clear right to relief or that any of the defendants had a clear duty to act in the manner specified in her Petition.  Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's Petition documents fail to state any plausible claim for mandamus relief.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Petition for a Writ of Mandamus (ECF No. 2), including any other form of relief requested therein, **DENY** the plaintiff's Motion to Toll Time Limit (ECF No. 3), **DENY** the plaintiff's Motion to Proceed *in forma pauperis* and Proceed Without Prepayment of Fees and Costs (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to transmit a copy to counsel of record.

February 27, 2015

Dwane L. Tinsley
United States Magistrate Judge

12