```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

CAROLYN JEAN FOOSE,
pro se,

      Plaintiff,

v.                                  Civil Action No. 2:14-12914

CAROLYN W. COLVIN,
Commissioner of Social
Security Administration,
JUDGE LISA SAUNDERS,
Appeals Council
JACK PENCA,
Administrative Law Judge
ERIC HOLDER,
U.S. Attorney General,
MS. SIGMAN,
Caseworker,

      Defendants.

<u>ORDER</u>

      The court having received the Proposed Findings and Recommendation ("PF&R") submitted on February 27, 2015 by United States Magistrate Judge Dwane L. Tinsley; and there being no objections to the PF&R filed by either the defendant or the plaintiff; it is ORDERED: (1) that the PF&R of the magistrate judge be, and hereby is, adopted by the court and incorporated herein; (2) that the plaintiff's motion to proceed in forma pauperis be, and hereby is, denied; (3) that the plaintiff's petition for a writ of mandamus be, and hereby is, denied; (4)

that the plaintiff's motion to toll be, and hereby is, denied; and (5) that this civil action be, and hereby is, dismissed.[1]

The Clerk is requested to transmit a copy of this order to all counsel of record, to Magistrate Judge Tinsley, and to the plaintiff, by certified mail, at 923 Sutherland Drive, St. Albans, West Virginia, 25177.

ENTER: March 23, 2015

John T. Copenhaver, Jr.
United States District Judge

---

[1] The magistrate judge observed that this case, though presented in the form of a petition for a writ of mandamus, is in substance an attempt to review a decision of the Commissioner of the Social Security Administration denying the plaintiff's application for Social Security Disability Insurance benefits on the basis of res judicata. As Judge Tinsley explained, see PF&R at 9-10, "courts lack jurisdiction to review a decision . . . not to reopen a claim for benefits," Holloway v. Schweiker, 724 F.2d 1102, 1104 (4th Cir. 1984), because 42 U.S.C. § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion" in such cases, Califano v. Sanders, 430 U.S. 99, 107 (1977). There is an exception to that rule if the Commissioner's denial is challenged on constitutional grounds. Sanders, 430 U.S. at 108-09. But the magistrate judge noted, see PF&R at 9, that "the plaintiff [] made only vague and conclusory allegations concerning how the conduct of the [Commissioner] violated her [constitutional rights]," and our court of appeals has made clear that such unadorned assertions do not create jurisdiction to review the Commissioner's decision not to reopen a claim, Holloway, 724 F.2d at 1104-05 ("If the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be reviewable by the inclusion of the words 'arbitrary' or 'capricious' in the complaint."). Accordingly, Judge Tinsley's conclusion that the court lacks subject-matter jurisdiction over the plaintiff's claims, see PF&R at 9, provides a sufficient basis for dismissal.